IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,    )
    )
v.    )    Case No. 1:17-CR-302
    )
NIKOLAI BOSYK,    )
    )
    Defendant.    )
_____)

## DEFENDANT'S MOTION TO SUPPRESS

COMES NOW, the Defendant, NIKOLAI BOSYK (hereinafter referred to as "Mr. Bosyk"), by counsel, pursuant to Federal Rule of Criminal Procedure 12, and hereby moves this Honorable Court to enter an order suppressing all evidence seized in violation of the Fourth Amendment.  On April 4, 2016, Mr. Bosyk's residence was searched and property removed pursuant to a search warrant. Said search warrant was a) unsupported by probable cause, b) issued based on stale evidence, and c) supported by a deficient affidavit that was tainted by the material omission of crucial information.  The Defendant, NIKOLAI BOSYK, asks this Honorable Court to suppress all evidence seized during that search, as well as the fruits of such evidence.

## ISSUES PRESENTED

1. <u>Probable Cause</u>:  The single click on a URL, which lacks any indication or identification as child pornography, fails to establish probable cause to search Mr. Bosyk's home.

2. <u>Staleness:</u>  This single attempt, alleged in the affidavit, fails to create a fair probability that child pornography will be found at an individual's home or premises almost six months later.

3. <u>Material Omissions:</u>   A *Franks* hearing is required upon a *prima facie* showing that the affiant supplementing the government's search warrant omitted material facts.

## STATEMENT OF FACTS

On April 8, 2016, the government sought a warrant to search Mr. Bosyk's residence located at 10966 Harpers Ferry Road, Purceville, Virginia 20132.  (See attached "Exhibit A" - Application for Search Warrant (filed under seal)).   In support thereof, Homeland Security Special Agent Kristina Eyler provided a sworn affidavit in support of the application for a search warrant.  In the 10 page affidavit, less than a page of the subject affidavit addresses any specific conduct or investigation specifically tailored to Mr. Bosyk.

The affidavit, in and of itself, is dedicated largely to a description of the government's involvement and investigation into a website known as "Bulletin Board A."  (See Ex. A at ¶¶ 5-15).  The affidavit specifically alleges Bulletin Board A is a file sharing internet based bulletin board where its users are primarily engaged in the sharing of child pornography images."  (See Ex. A at ¶ 5).  There are actively 1,500 "approved users" posting new content on the forum. (Id). The affidavit describes "sub forums" which were investigated and believed to contain child pornography. (See Ex. A at ¶ 7).   The affidavit describes, in general terms, several posts investigated by the Department of Justice where a member of Bulletin Board A posted or otherwise shared a clip believed to depict child pornography and included a thumbnail of the video with a link for the user to access. (See Ex. A at ¶ 8).  According to the government's affidavit, this post and similar posts, in order to access, required a password to input in order to access the suspected child pornography file. (Id.)

According to the affidavit, Bulletin Board A hosts files in various formats, including a storage service known as File Sharing Site (or "FSS"). (See Ex. A at ¶¶ 11-13).  Further, the affidavit states in general terms that "law enforcement has reason to believe that FSS's service was used by members to store files containing child pornography and make them accessible to other

members."   (See Ex. A at ¶ 14).  The affidavit alleges no specific conduct by Mr. Bosyk related to the posting, collection or sharing of child pornography on the FSS website or network, nor does it include facts constituting membership on Bulletin Board A.

In the only section pertaining directly to Mr. Bosyk, under the header "IDENTIFICTION OF THE SUBJECT PREMISES," the government outlines Mr. Bosyk's *de minimis* connection to a single unique URL, to which the government alleges an IP address identified as 208.89.176.122 was "used to download or attempt to download file content associated with that URL."  (See Ex. A at ¶ 16).

> ### IDENTIFICATION OF THE SUBJECT PREMISES
>
> 16.    The following records were provided by FSS and were associated with the access, download and/or attempted download of file content associated with the following unique URL [http://[redacted].comxu5me9erdipp/brochure.rar.html]:  On November 2, 2015 at 15:23:16 hours IP address 208.89.176.122 was used to download or attempt to download file
>
> 7
>
> content associated with that URL, which as detailed above, consisted of four child pornography videos.

(See Ex. A at ¶ 16).  The affidavit does not match the subject unique URLs outlined in para. 7 through 8 and para. 16.  From the government's receipt of information and IP addresses from FSS, a search was conducted related to the aforementioned IP addresses "download or attempt to download" which was found to be belonging to subscriber "Nik and Jennifer Bosyk" at 10966 Harpers Ferry Road, Purceville, Virginia 20132.  (See Ex. A at ¶¶ 18-20). There is no other specific information, allegations of conduct, specific recitations of behavior, information as to the collection or dissemination of items believed to be child pornography related to Mr. Bosyk.

3

Crucially, the government's affidavit supporting the search warrant never alleges or associates Mr. Bosyk's IP address as being associated with Bulletin Board A.

Specifically, the affidavit fails to allege Mr. Bosyk clicked any link in Bulletin Board A or that Bulletin Board A was the means that his IP address attempted to access the subject URL. The affidavit fails to allege Mr. Bosyk is a registered user or has an email address associated with Bulletin Board A. The affidavit fails to allege Mr. Bosyk is a registered user of Bulletin Board A, despite the affidavit's general provisions related to the website having over "1,500 users." There is no allegation that Mr. Bosyk ever visited Bulletin Board A. Instead, the allegations related to any conduct is the use by some individual of the subject IP address that navigated to URL [http://[redacted].comxu5me9erdipp/brochure.rar.htmll.]

The URL specifically referenced in the affidavit by the government contains no specific identifiers or indicators that the link contains illegal content or child pornography. Further, the specific URL identified by the government as allegedly accessed by someone using Mr. Bosyk's IP address differs from the URL identified in the government's affidavit as containing child pornography on Bulletin Board A.[1] The affidavit itself contains absolutely no information on how the individual associated with Mr. Bosyk's IP address found or landed on the subject URL, and failed at any point to establish Mr. Bosyk accessed or attempted to access the subject URL through Bulletin Board A. There is no evidence or accusation that the actual content, alleged to contain child pornography, was ever accessed, viewed, downloaded, or otherwise utilized in any fashion by Mr. Bosyk or any person using his IP address. The affiant for the government makes clear in the subject affidavit that the alleged illicit content must be accessed by the use of a password as a

---

[1] The government identified a specific file posted on Bulletin Board A, believed to contain child pornography, however the subject affidavit does not indicate or establish this file was accessed or even attempted to be accessed by Mr. Bosyk or someone using his IP address. (See Ex. A. at ¶¶ 7-10).

form of encryption, however fails at any point in the affidavit to establish or even allege that Mr.

Bosyk or the individual using the subject IP address used any password, attempted to use a

password, or ever gained access to the illegal content beyond clicking the subject URL.  There is,

in fact, the omission from the affidavit that the individual using the IP address did not enter any

password in accessing or attempting to access the subject URL.   The only fact established by the

affidavit supporting the search warrant was Mr. Bosyk's IP address, on one occasion, came upon

the subject URL that appeared on its face to be absolutely harmless.  There are no facts or

circumstances supporting the government's position that the individual using the IP address knew

of the website's contents, that the individual went to the website for a specific purpose or on

purpose at all, or received, downloaded or otherwise gained access to illegal child pornography.

The final section of the subject affidavit contains sweeping and generalized

"characteristics" of persons who collect child pornography.  (See Ex. A ¶¶ 21-26).  Nothing in the

affidavit contains any facts to establish or support the position that Mr. Bosyk or the person using

the subject IP address is a collector of child pornography.  Indeed, the only real accusation is a

single instance of attempted access to child pornography.

The subject search warrant was issued the same day as its application, and on April 12,

2016 the search warrant was executed on Mr. Bosyk's residence.  A total of 14 items were removed

from Mr. Bosyk's residence as a result of the subject search warrant, including computers and

tablets.  Over a year later, on December 14, 2017, Mr. Bosyk was charged on a two count

indictment of receipt and possession of child pornography.

## **ARGUMENT**

The search warrant in the instant case was defective and improperly issued in violation of

the Fourth Amendment.  The search warrant in the instant case was not supported by probable

cause due to the application, and supporting affidavit, alleged a single occasion which someone using Mr. Bosyk's IP address navigated to a website that contained no indication of child pornography on its face. Additionally, if the Court finds the facts contained in the affidavit supporting the application for a search warrant were supported by probable cause to search Mr. Bosyk's home in November 2015, the limited facts did not constitute probable cause to search Mr. Bosyk's home more than five months later in April 2016. Finally, the affidavit supporting the application for a search warrant contained misleading statements and conclusions and omitted material facts and information.

I. **The single attempt to access a link, with no indicia of child pornography, does not provide probable cause to issue a search warrant to search an individual's premises.**

In looking at the basic tenements and plain language of the Fourth Amendment, it ensures people are "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and continues "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. When a search violates the clear language of the Fourth Amendment, "the fruits thereof are inadmissible under the exclusionary rule, a judicially created remedy to safeguard Fourth Amendment rights generally through its deterrent effect." *United States v. Doyle*, 650 F.3d 460, 466 (4th Cir. 2011).

The instant application for a search warrant and supporting affidavit did not provide probable cause to search Mr. Bosyk's premises. The affidavit in and of itself is a blanket recitation of the basic facts surrounding the government's investigation of illegal posting and illicit material on Bulletin Board A. The affidavit outlines several basic facts, including Bulletin Board A's past use as child pornography sharing site, with a general investigation beginning in September 2015,

an example of a password protected collection of child pornography, general information on the file sharing capabilities of Bulletin Board A and FSS, and information on Bulletin Board A's alleged 1,500 users with explanation of how each member must obtain credentials to access the forums.  The affidavit, however, fails to mention or include facts which associate Mr. Bosyk's IP address with Bulletin Board A.

The Eastern District of Virginia has already addressed the underlying issues of a nearly analogous application for a search warrant and supporting affidavit under extraordinarily similar facts to the case at hand. In the *United States v. Reece*, the Defendant challenged the issuance of a search warrant based largely on the same information at issue here, including an affidavit which largely consisted of the following:

> The affidavit in support of the search warrant is fourteen pages long, but contained only two paragraphs that describe facts and details specific to Defendant.  The majority of the affidavit consisted of generalized allegations reviewing: (1) the qualifications and experience of the affiant, Special Agent Julsrud; (2) passages from the "pertinent federal criminal statutes," 18 U.S.C. §§ 2252(a)(2) and (a)(4); (3) definitions of various key terms and descriptions of the investigative process; (4) descriptions of the characteristics of child pornography collectors; and (5) facts regarding the background investigation, certain websites (addressed more fully herein), and the use of file sharing services ("FSS").  Aff., ECF No. 26-3.

No. 2:16crl04, p.2 (E.D.V.A. Mar. 1, 2017).  Identically to the instant case, the government alleged the Defendant's IP address navigated to a website that included a link to a video of child pornography.  *Id*.  Also identical to the instant case, the purported child pornography link and content was only accessible via a password. *Id*.  Further, both cases share similar allegations related

to the URLs, with both baring no indications of illicit content on the face of the URL itself.  (Id. at p. 5).

The Court in *Reece*, in suppressing the evidence seized as a result of the defective search warrant, rested its decision squarely on the errors, omissions, and inaccuracies which also plagues the instant case.  Particularly, even with the extensive background information related to Bulletin Board A, the affidavit fails to connect the Defendant's IP address with Bulletin Board A.  *Id.* at p.8.  Further, the URL referenced by the government, on its face, bares no indicia and shows no indication of being child pornography.  *Id.*  Both in the *Reece* case and the instant case, the isolated accusation of attempting to access a specific innocuous URL is the extent of the government's factual contentions as to the Defendant's conduct.  *Id.*

What is strikingly missing from the government's application for a search warrant is factual connections of Mr. Bosyk to the true focal point of the information in its affidavit – Bulletin Board A.  The instant affidavit contains no information or contentions as to Mr. Bosyk's involvement, access, or membership to Bulletin Board A.  In fact, the affidavit makes no contention that the subject URL, purportedly containing child pornography, could have only been accessed through Bulletin Board A.  The *Reece* court made similar factual findings as to the affiant's contentions in the case at hand, stating "[t]he affidavit supported only by an inference that Defendant clicked on a link to an illicit video that could have been accessed through a child pornography website (Bulletin Board A).  That the link to the illicit video could have been accessed via Bulletin Board A is insufficient to support the resulting search without the Court making the 'inferential leap' that Defendant must have accessed Bulletin Board A to navigate to the illicit material."  *Id.* at p. 10.

In conjunction with *Reece*, the Second Circuit dealt with nearly identical facts as the case in hand in *United States v Coreas*, 419 F.3d 151 (2d Cir. 2005).  In *Coreas*, the Defendant was

investigated and the affidavit supporting an application for a search warrant issued after the Defendant clicked on a link to subscribe to a group with an invitation which read, "This group is for People who love kids.  You can post any type of messages you like too or any type of pics and vids you like too.  P.S. IF WE ALL WORK TOGETHER WE WILL HAVE THE BEST GROUP ON THE NET."  Id. at 152.  In analyzing the sufficiency of probable cause based on the single click of the Defendant, the Second Circuit found:

> Once these allegations are excised, what is left to support the search in this case? Simply the allegation that Coreas logged onto the Candyman website and, by clicking a button, responded affirmatively to a three-sentence invitation (quoted supra) to join its e-group. The alleged "proclivities" of collectors of child pornography, on which the district court relied, are only relevant if there is probable cause to believe that Coreas is such a collector. But the only evidence of such in the excised affidavit is his mere act of responding affirmatively to the invitation to join Candyman.

Coreas, 419 F.3d at 156.  The Coreas court focused on the same factual deficiencies contained in the instant search warrant, related to the boilerplate information describing "collectors" of child pornography, without any factual contentions or facts related to the Defendant actually being a collector.  Like the instant case, the only facts relied upon in the issuance of the search warrant, and seemingly in the investigation of the Defendant altogether, was the click of one URL without evidence of collection.

The Coreas court went on:

> In the view of this panel, that does not remotely satisfy Fourth Amendment standards. We had thought it was well settled that a "person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." All that Coreas did, so far as the excised affidavit shows, was to respond to a three-sentence suggestive invitation from Candyman to join its e-group by clicking a button that added his e-mail address to its roll of members but in no way committed him to in any of its various activities, lawful or unlawful, or even to receiving its e-mails (which he had the option to refuse from the outset). The notion that, by this act of clicking a button, he provided probable cause for the police to enter his private dwelling and rummage

through various of his personal effects seems utterly repellent to core purposes of the Fourth Amendment.

The instant case rests on the same proposition as the conclusion reached by the *Coreas* court – the single click on a URL, in and of itself, is utterly insufficient as a matter of law to establish probable cause to a degree justifying the issuance of a search warrant of a person's premises.  Even in *Coreas*, the Defendant had an idea that the link or content may be illicit or inappropriate – however, that fact standing alone does not establish the government's burden in establishing probable cause to search for child pornography.[2]

Here, the motion to suppress must be granted on extraordinarily similar grounds as the *Reece* and *Coreas* courts.   The subject affidavit was issued predicated on the scant facts contained in the affidavit related to Mr. Bosyk's URL attempting to access a URL that contained password protected alleged illicit content.  This, in and of itself, fails to satisfy the probable cause standard for issuance of the subject search warrant and the motion to suppress should be granted.

## II.    The accusation of a single attempt to access a URL link containing illicit content does not provide probable cause to search an individual's residence over five months later.

The government's information and evidence that predicated the application for a search warrant was stale at the time of the government's search in April 2016.  The Fourth Circuit has generally addressed a staleness challenge in a child pornography context, finding:

> Although "there is no question that time is a crucial element of probable cause," the existence of probable cause cannot be determined "by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit," Instead, we "look to all the facts and circumstances of the case, *including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized*." In the context of child pornography cases, courts have largely

---

[2] The Second Circuit noted the invitation on its face was "suggestive," however the Court focused on the actions taken by the Defendant pursuant to the affidavit – simply clicking on a link supplied in an email.

> concluded that a delay--even a substantial delay--between distribution and the issuance of a search warrant does not render the underlying information stale. This consensus rests on the widespread view among the courts--in accord with Agent White's affidavit--that "*collectors and distributors* of child pornography value their sexually explicit materials highly, 'rarely if ever' dispose of such material, and store it 'for long periods' in a secure place, typically in their homes."

*United States v. Richardson*, 607 F.3d 357, 370 (4th Cir. 2010) (Emphasis added).  Several courts have rejected a Defendant's staleness argument in the event there are supporting facts included in an affidavit - like the holding in *Richardson* - supporting the notion that the individual subject to search was a "collector or distributor" of child pornography.  The Richardson court, specifically, focused on "collector behavior."  *Id.* at 363 (the court rejecting a staleness argument for a four month delay, focusing on the facts contained in the affidavit, *specifically related to the Defendant's behavior*, and that of a child pornography collector).  (See also *United States v Sassani*, 139 F.3d 895 (4th Cir. March 4, 1998 and *United States v Davis*, 313 F. App'x 672 (4th Cir. Feb. 27, 2009); both standing for the general proposition that a delay in execution of a search warrant based on potentially stale probable cause was sufficient due to the specific allegations of *collection and distribution*).

In assessing an individual's propensity to qualify as a "collector" of child pornography, Federal Courts look at the following indicators: (1) a suspect's admission of being a pedophile or other evidence that would corroborate this fact; (2) a suspect's extended history of possessing or receiving pornography images; or (3) an allegation that a suspect paid for access to child pornography.  *United States v. Raymonda*, 780 F.3d 105,114-15 (2d Cir. 2015).  Further, inferring an individual is a collector based on a single allegation of possession or receipt may be inferred where "the suspect's access to the

pornography images depended on a series of sufficiently complicated steps to suggest his willful intention to view the files," or there has been an occasion of subsequently redistributed child pornography to other individuals. *Id*. at 115.

Nothing in the affidavit in the instant case establishes that Mr. Bosyk is a "collector" of child pornography, or provided facts sufficient to infer Mr. Bosyk is a "collector" of child pornography. There are similarly no facts whatsoever that establish Mr. Bosyk accessed or collected child pornography on an isolated occasion after engaging in a series of complicated steps to view an illicit video. The affidavit in the instant case fails to include facts which would tend to excuse the staleness impacting the veracity of the search warrant. (See *Richardson* at 115; see also *United States v. Vosburgh*, 602 F.3d 512, 528 (3d Cir. 2010)). The single attempt to access child pornography outlined in the affidavit fails to establish probable cause to support the application for a search warrant issued.[3]

### III.   The affidavit's focus on Bulletin Board A and traits of child pornography collectors, without any supporting facts related to the Defendant's connection to the forum or to collections child pornography, misled the magistrate as to the issuance of the instant search warrant.

The subject affidavit supporting the application for a search warrant misled the magistrate in the absolute omission of facts creating a tangible nexus between the Defendant's conduct, Bulletin Board A, and the collection of child pornography. The Supreme Court held "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a search

---

[3] As stated by the *Richardson* court, a single attempt to access child pornography "absent any other circumstances suggesting that the suspect accessed [the child pornography] deliberately or had a continuing interest in child pornography, fails to establish probable cause that the suspect will possess illicit images many months later." *Richardson* at 115.

warrant affidavit, and if the allegedly false statement is necessary to the finding of probably cause, the Fourth Amendment requires that a hearing be held as the Defendant's request." *Franks v. Delaware*, 438 U.S. 154, 156 (1978) (this standard applies as to omissions of facts; see *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) and *United States v. Eccleston*, 615 F. App'x 767, 780 (4th Cir. 2015)).

Further, to challenge a search warrant based on misleading information or omission of material facts, the Defendant must show (1) the affiant deliberately or recklessly included inaccurate information or omitted material facts from the affidavit; and (2) given the totality of the circumstances, that the errors and/or omissions in the affidavit are critical to the finding of probable cause and the decision to issue the search warrant. *Reece*, No. 2:16crl04 at p.18 (quoting *United States v Doyle*, 650 F.3d 460, 469 (4th Cir. 2011)).

In the instant case, the affiant includes in her affidavit that the subject illicit video, alleged to have been accessed by the IP address associated with Mr. Bosyk, requires a password to access via Bulletin Board A.  There are no facts contained in the affidavit alleging or establishing that Mr. Bosyk, or the person using his IP address, utilized a password or tried to use a password in attempting to access the subject video.  The affidavit itself does not conclusively establish the URL was accessed by the IP address via Bulletin Board A.  Based on the lack of facts provided to the magistrate or omitted facts related to the use of a password to access the subject video, the subject affidavit actually stands for the factual proposition that the subject video *was not accessed* via Bulletin Board A or otherwise.

Further, the subject affidavit contains boilerplate language related to general characteristics of child pornography collectors.  The same assertions or allegations are made without specific factual contentions as to Mr. Bosyk, any persons in his home, or any persons associated with his

IP address.  The Second Circuit has already commented on this reliance of boilerplate language in *Raymonda*, asserting the evidence "only showed that [the Defendant] had opened the coollib.org webpage, whether purposely or inadvertently, some nine months earlier, and that he may have viewed – without clicking on – the thumbnail sketches and that there was activity for a period of no more than 17 seconds."  780 F.3d at 124.  Based on this observation, the court concluded, "[w]ithout any evidence that [the Defendant] was a collector of child pornography, it was inappropriate – and heedlessly indifferent – for Agent Ouzer to rely on boilerplate language regarding the proclivities of collectors."  *Id*.  The exact same issue plagues the instant affidavit supporting the application for a search warrant.

Additionally, the affidavit's focus on Bulletin Board A was misplaced and overstated in the subject affidavit, with the government failing to establish a connection between the Defendant and Bulletin Board A.  One of the facts crucially missing from the affidavit is Mr. Bosyk's status as an approved user, despite the subject affidavit maintaining Bulletin Board A has "1,500 approved users." (See Ex. A at ¶ 5).  The affidavit fails to establish or even allege Mr. Bosyk was an approved user, and as stated, fails to allege the IP address visited Bulletin Board A to access the subject URL.  The magistrate was provided with abundant general information on Bulletin Board A, while simultaneously being left without any facts or information as to the IP addresses' connection or use of Bulletin Board A.

To the extent relied upon by the government, the good faith exception to the exclusionary rule is inapplicable in the instant case.  Under the good faith exception, the Court may decline to exclude evidence obtained pursuant to an invalidated search warrant if law enforcement's reliance on the warrant was objectively reasonable.  *United States v Doyle*, 650 F.3d 460, 466 (4th Cir. 2011) (citing *United States v. Calandra*, 414 U.S. 338, 348 (1974)).  Courts must "examine the

totality of the *information presented to the magistrate* in deciding whether an officer's reliance on the warrant could have been reasonable." *United States v. Legg*, 18 F.3d 240, 244 n.1 (4th Cir. 1994) (Emphasis added).  The good faith exception is inapplicable if:

> (1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth;
>
> (2) if the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc v. New York*, 442 U.S. 319 (1979);
>
> (3) if the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
>
> (4) if under the circumstances of the case the warrant is so facially deficient – i.e. in failing to particularize the place to be searched or the things to be seized – that the executing officer cannot reasonable presume it to be valid. (Referred to herein a prongs 1-4).

Doyle, 650 F.3d at 467 (citing *United States v. DeQuasie*, 373 F.3d 509, 519-20 (4th Cir. 2004).  The good faith exception is inapplicable in the instant case based on "prong 1" as outlined above.  As argued herein, the subject affidavit misled the magistrate as to the issuance of the subject search warrant based on the insufficient information contained in the affidavit failed to create a nexus between Mr. Bosyk's conduct and Bulletin Board A. Further, the magistrate was misled from the mere allegation of collection of child pornography, despite the affidavit's failure to include any factual contention that Mr. Bosyk, or the individual using his IP address, was a "collector" of child pornography.

Further, the good faith exception is similarly inapplicable based on "prong 3" as outlined above.  The subject affidavit contains allegations of a single click on a URL belonging to the IP address associated with Mr. Bosyk.  There are no facts contained in the affidavit establishing that Mr. Bosyk is a member of Bulletin Board A or that he is a collector of child pornography.  Further, the single click, which occurred on or about

November 2, 2015, was stale by the time the government applied for a search warrant on April 8, 2016.  The subject search warrant contains insufficient probable cause on its face based in the language, information, and contentions raised by the affiant and the sheer lack of nexus between the Mr. Bosyk and the conduct alleged therein.

A *Franks* hearing is appropriate in the instant case and further the motion to suppress should be granted.

<u>**CONCLUSION**</u>

Based on the foregoing, the search warrant issued in the instant case and the evidence seized therefrom must be suppressed as violating the Fourth Amendment.  Taking the affidavit's factual allegations together, the government has alleged someone using an IP address associated with Mr. Bosyk clicked once on a URL, was sent to a website requiring a password to view illicit content, and no such password being entered – thereby no such content being downloaded or attempted to download.  This factual assertion, contained in the affidavit accompanying an application for a search warrant, fails to meet the probable cause burden consistent with the Fourth Amendment.  Additionally, the delay in executing the subject search warrant was predicated on stale probable cause.  Finally, the misleading statements and omissions contained in the affidavit accompanying the subject application for a search warrant command suppression and additional hearings as necessary.  Due to the violations of the Fourth Amendment, the Court should grant the Defendant's motion to suppress and all necessary relief therefrom.

Respectfully submitted,

NIKOLAI BOSYK
By counsel

By: _____/s/_____

William D. Ashwell, Esq.
VSB # 83131
Mark B. Williams & Associates, PLC
27 Culpeper Street
Warrenton, Virginia 20186
Telephone:     (540) 347-6595
Facsimile:     (540) 349-8579
wdashwell@mbwalaw.com
Co-counsel for Nikoali Bosyk


## CERTIFICATE OF SERVICE

I certify that on this 3rd day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to:

Nathaniel Smith, III
Assistant United States Attorney
Lauren Britsch
Assistant United States Attorney
U.S. Attorney's Office, Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:  (703) 229-3936
Facsimile: (703) 299-2584
nathaniel.Smith2@usdoj.gov

_____/s/_____
William D. Ashwell, Esq.
VSB # 83131
Mark B. Williams & Associates, PLC
27 Culpeper Street
Warrenton, Virginia 20186
Telephone:     (540) 347-6595
Facsimile:     (540) 349-8579
wdashwell@mbwalaw.com
Co-counsel for Nikoali Bosyk