UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v.  ) | 1:17-cr-302 (LMB) |
| ) | |
| NIKOLAI BOSYK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Nikolai Bosyk, by counsel, hereby files this Reply to the Government's Opposition to his Motion for Compassionate Release.

In its Opposition, the Government initially appears to argue that the Court should decline to examine the merits of Bosyk's petition because the Bureau of Prisons (BOP) has taken some precautions against the spread of the coronavirus and can, of its own accord, provide for home confinement and compassionate release to a select group of inmates. But these arguments are unconvincing.

First, while BOP has taken some precautions, it can hardly be questioned that the coronavirus is spreading rapidly in prisons. Indeed, many of the precautions outlined in the Government's Opposition have been in effect since March 31, 2020, and yet, "COVID-19 case rates have been substantially higher and escalating much more rapidly in prisons than in the US population." B. Saloner, et al., *COVID-19 Cases and Deaths in Federal and State Prisons*, JAMA. 2020;324(6):602-603. doi:10.1001/jama.2020.12528.[1]  This, of course, suggests that BOP's precautions cannot do much to change the fundamental nature and risk of prison

---

[1] https://jamanetwork.com/journals/jama/fullarticle/2768249

environments.  To make matters worse, BOP appears to have concluded that some of its precautions are unnecessary and decided to resume social visitation at all institutions by no later than October 3, 2020.[2]  Second, while BOP can provide for home confinement and compassionate release through its own processes, it summarily denied Bosyk's request due to his underlying offense.  This is hardly the careful, multivariate analysis the Government attributes to BOP.

Inarguably, section 3582(c)(1)(A) provides authority for the Court to examine the merits of Bosyk's petition, as demonstrated by the substantial number of decisions, in this district and across the nation, ordering inmates released in light of Covid-19.  Accordingly, the Court should examine whether Bosyk's heightened risk of serious and fatal complications from Covid-19 are extraordinary and compelling reasons warranting a sentence reduction or home confinement.

Addressing the merits of Bosyk's Motion, the Government acknowledges that Bosyk is at heightened risk for severe Covid-19 complications, but argues that he has not shown his prison facility is at risk for a coronavirus outbreak and that his release might increase rather than mitigate his risk to such exposure.

These arguments do not reflect reality.  While FCI Allentown Low does not have any positive inmates as of September 30, 2020, it is only a matter of time before the facility has its own cases given that visitation is no longer suspended at the facility and FCI Allentown Medium, which is within the same correctional complex, already has 26 positive inmates and 6 positive staff.  Similarly, the Government's argument that Bosyk perhaps runs a greater risk of being exposed to the coronavirus in Hamilton, Virginia, than in FCI Allentown Low ignores the larger reality of the situation.  In Hamilton, Virginia, Bosyk can personally act in ways to

---

[2] Visitation has already resumed at Bosyk's facility.

minimize his risk.  In FCI Allentown, on the other hand, Bosyk is utterly reliant on those precautions BOP takes – a BOP, which has inexplicably committed to the resumption of social visitation at all of its institutions.  Can there really be any doubt that "[p]eople in jails and prisons cannot practice social distancing, control their exposure to large groups, practice increased hygiene, wear protective clothing, obtain specific products for cleaning and laundry, avoid frequently touched surfaces, or sanitize their own environment." *United States v. Skelos*, 2020 WL 1847558, at *1 (S.D.N.Y. Apr. 12, 2020).  Accordingly, the Court should reject the Government's arguments and find that Bosyk's specific vulnerability to severe Covid-19 complications constitutes an "extraordinary and compelling reason" in favor of compassionate release. *See, e.g.*, *United States v. Poulios*, 2020 WL 1922775, at *3 (E.D. Va. Apr. 21, 2020).

Lastly, the Government argues that Bosyk remains a danger to the community given the ease with which one can find child pornography online and that stringent monitoring heightens the risk of probation officers contracting the coronavirus.  These concerns can be addressed with conditions of release.

Accordingly, for these reasons and the reasons set for in Bosyk's Motion for Compassionate Release, Bosyk respectfully requests that this Court order his immediate compassionate release, with or without a period of home confinement.

                              Respectfully submitted,

                              NIKOLAI BOSYK
                              By Counsel

                              ___/s/_____
                              John C. Kiyonaga
                              600 Cameron Street
                              Alexandria, Virginia 22314
                              Telephone: (703) 739-0009
                              Facsimile: (703) 340-1642
                              E-mail: john@johnckiyonaga.com

Counsel for Defendant

Certificate of Electronic Service

    I hereby certify that on September 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

\_\_\_\_/s/_____
John C. Kiyonaga