IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
)
v. )
) 1:17-cr-302 (LMB)
NIKOLAI BOSYK, )
)
Defendant. )

## ORDER

Defendant Nikolai Bosyk ("defendant"), through counsel, has filed a Motion for
Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). [Dkt. No. 83].
Defendant is currently serving a 60-month sentence imposed on May 7, 2018, after pleading
guilty to a single count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).
[Dkt. Nos. 40, 52]. Defendant has already served 29 months on that sentence. In his Motion, he
asks to serve the remaining time in home confinement, due to the risk he faces from the Covid-
19 pandemic. Defendant has filed three previous requests for furlough or home confinement,
[Dkt. Nos. 75, 79, 81], which were denied for failure to exhaust his claims, and failure to identify
and corroborate any underlying health conditions or other factors placing defendant at particular
risk for the virus. [Dkt. Nos. 76, 80, 82].

To be eligible for compassionate release a defendant must have first "fully exhausted all
administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the
defendant's behalf," or 30 days must have passed from the warden's receipt of such an appeal.
18 U.S.C. § 3582(c)(1)(A). Defendant has now satisfied this requirement by sending a request to

the Warden of his facility (FCI Allenwood Low) on April 11, 2020, which was denied on April 16, 2020. [Dkt. No. 81].

In addition to meeting all administrative exhaustion requirements, an inmate seeking to modify a sentence under § 3582(c)(1)(A)(i) must also show "extraordinary and compelling reasons to warrant [ ] a reduction" of the sentence. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020); see also United States v. White, No. 2:07-cr-150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020). When considering whether modification is appropriate, the Court also must consider any applicable 18 U.S.C. § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).

Unlike in his previous requests for furlough or release to home confinement, Defendant has now identified and corroborated health conditions that make him particularly susceptible to Covid-19. Specifically, defendant has submitted medical records showing that he is obese, with a body mass index ("BMI") of 51.5. [Dkt. No. 83-3]. The CDC categorizes anyone with a BMI of 40 or higher as severely obese, and warns that severe obesity "increases [the] risk of severe illness from Covid-19."[1] The government has conceded that defendant's obesity "is an extraordinary and compelling reason for compassionate release." [Dkt. No. 86] at 9. In addition to obesity, defendant has also shown that he suffers from an irregular heartbeat and varicose

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last visited Oct. 29, 2020).

veins presenting with complications, and that he has a history of acute bronchitis. [Dkt. No. 83-2]. The CDC does not identify these conditions specifically as underlying medical conditions that increase the risk of Covid-19, but it does warn that heart conditions generally and some forms of bronchitis increase the likelihood of severe illness associated with the virus.

Although defendant's underlying medical conditions almost certainly make him more susceptible to the virus, defendant has not established the other factor which courts in this district have considered in evaluating § 3582 petitions: he has not shown that there is "a particularized risk of contracting the disease at his prison facility." Feiling, 2020 WL 1821457, at *7; White, 2020 WL 1906845, at *1 n.2 FCI Allenwood Low has no active cases of Covid-19 among the inmates or staff.[2] Defendant argues that a particularized risk is presented by the proximity of FCI Allenwood Medium, which is in the "same correctional complex" as his facility and currently has 5 inmates and 11 staff members who are positive for the virus, [Dkt. No. 87] at 2; however, the fact that FCI Allenwood Low has reported only two positive cases during the entire course of the pandemic, while FCI Allenwood Medium has reported 125 total cases, suggests that there is not a high likelihood of spread between the two facilities. In the event that there is a rapid deterioration at FCI Allenwood Low, or that evidence emerges showing that cases have started to spread between the Allenwood facilities, defendant can renew his request for relief, benefitting from the fact that the relevant factors have already been carefully and thoroughly briefed by both parties.

Accordingly, it is hereby

---

[2] See https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 29, 2020).

ORDERED that the Motion [Dkt. No. 83] be and is DENIED WITHOUT PREJUDICE to defendant's ability to bring another motion if there is a significant increase in active Covid-19 cases at his facility.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 29th day of October, 2020.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

4